IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

--------------------------------------------------------x
                              :

SELECT INSURANCE CO.           :           15 CV 715 (JAM)

                                :

v.                                :

                                :

EXCALIBUR REINSURANCE CORP.   :

                                :           DATE: MARCH 10, 2016

--------------------------------------------------------x

### RULING ON PLAINTIFF'S MOTION FOR PRE-PLEADING SECURITY AND ON PLAINTIFF'S MOTION TO STRIKE ANSWER

On May 12, 2015, plaintiff Select Insurance Co. ["plaintiff" or "Select"] commenced this diversity action against defendant Excalibur Reinsurance Corporation ["defendant" or "Excalibur"] for breach of a reinsurance contract.  (Dkt. #1).  Two weeks later, on May 26, 2015, plaintiff filed a Motion for Pre-Pleading Security with brief and affidavit in support. (Dkts. ##11-13;  see also  Dkt. #14).[1]  On June 16, 2015, defendant filed its brief in opposition to the Motion for Pre-Pleading Security (Dkt. #33), along with affidavits in support. (Dkts. ##31-32).[2]  Two weeks later, on June 30, 2015, plaintiff filed its reply brief in further

---

[1]Attached to plaintiff's brief (Dkt. #12) are copies of case law, and attached to the Declaration of Rosemarie D. Robles, dated May 19, 2015 (Dkt. #13) are the following exhibits: copy of the treaty reinsurance contract entitled, "Accountant, Lawyers, Miscellaneous and Real Estate Errors and Omissions Liability Cessions Treaty, effective April 1, 2001 ["E & O Treaty"](Exh. 1); copy of reinsurance bill, dated May 1, 2015 (Exh. 2); and copy of monthly bulletin from Connecticut Insurance Department, dated May 9, 2012. (Exh. 3).

[2]Attached to the Declaration of Angela Aloisio ["Aloisio Decl."], dated June 16, 2015 (Dkt. #31) are the following exhibits: copy of report from New York State Department of Financial Services, evidencing defendant's authority to conduct business in New York (Exh. 1); another copy of the E & O Treaty (Exh. 2); copy of bill from Travelers, dated May 1, 2015 (Exh. 3); and copy of Order of Supervision of the Pennsylvania Department of Insurance, dated September 23, 2013 (Exh. 4).

Attached to the Declaration of Michael H. Goldstein ["Goldstein Decl."], dated June 16, 2015 (Dkt. #32) are the following exhibits: copy of Best's Insurance Reports, Property/Casualty, United States, 2014, regarding plaintiff (Exh. 1); copy of Texas Department of Insurance profile of plaintiff (Exh. 2); and copy of Best's Insurance Reports, Property/Casualty, United States, 2001, regarding plaintiff (Exh. 3).

support of its Motion for Pre-Pleading Security (Dkt. #36).

On June 4, 2015, defendant filed its Answer and Affirmative Defenses (Dkt. #25; see Dkts. ##16-19, 21-24), and the next day, plaintiff filed a Motion to Strike Answer, with brief in support. (Dkt. #26). Three weeks later, on June 26, 2015, defendant filed its brief in opposition to plaintiff's Motion to Strike. (Dkt. #35).[3] Two weeks thereafter, on July 10, 2015, plaintiff filed its reply brief in further support of its Motion to Strike. (Dkt. #41).

On January 12, 2016, United States District Judge Jeffrey A. Meyer referred the pending motions to this Magistrate Judge. (Dkt. #45). For the reasons stated below, plaintiff's Motion for Pre-Pleading Security (Dkt. #11) is <u>granted such that a hearing date shall be set to determine the amount of pre-pleading security</u>, and plaintiff's Motion to Strike Answer (Dkt. #26) is <u>denied without prejudice to renew at a future time, if appropriate</u>.

## I. DISCUSSION

In its Motion for Pre-Pleading Security, plaintiff requests that the Court order defendant "to post security in the amount of $1,105,945.47 − or to obtain a license to conduct an insurance business in the State of Connecticut[.]" (Dkt. #11, at 1). In response, defendant contends that plaintiff is "simply not entitled to invoke the Connecticut pre-pleading security statute" because Select is not an authorized reinsurer in the State of Connecticut and Excalibur was authorized in Connecticut at the time; the E & O Treaty contains a choice of law provision requiring the application of New York law to this dispute; the pre-pleading statutory provisions are substantive, not procedural, and therefore New York statutory law governs; defendant is licensed in and authorized to do business in New York, and therefore is in full compliance with the New York pre-pleading statute; plaintiff

---

[3]Attached is a copy of unpublished case law.

cannot obtain pre-pleading security by forum shopping, or without a hearing; and the Pennsylvania Insurance Commissioner regulates the requests for Excalibur to post such security.  (Dkt. #33, at 1-3; see id. at 9-27).[4]

### A. CONNECTICUT'S PRE-PLEADING SECURITY STATUTE

Connecticut's pre-pleading security statute, CONN. GEN. STAT. § 38-27(a), provides:

> Before any unauthorized person or insurer files or causes to be filed any pleading in any court action or proceeding . . . instituted against the person or insurer . . . , the person or insurer shall either (1) Deposit with the clerk of the court in which the action or proceeding in pending . . . cash or securities . . . in an amount to be fixed by the court . . . sufficient to secure the payment of any final judgment which may be rendered in the action or proceeding . . . ; or (2) procure proper authorization to do an insurance business in this state.

Pre-pleading security is a mandatory statutory requirement,[5] see Hartford Acc. & Indem. Co. v. ACE Am. Reins. Co., 279 Conn. 220, 233, n.11 (2006), the purpose of which is to "ensure that any insurer, domestic or foreign, selling insurance or reinsurance to a person in [Connecticut] . . . will have sufficient assets in this state to satisfy any judgment." Hartford Acc. & Indem. Co. v. ACE Am. Reins. Co., Nos. X02 CV 030178122S, X02 CV 030179514S, 2008 WL 4635451, at *2 (Conn. Super. Ct. Sept. 19, 2008)["Hartford Acc.]. This requirement "target[s]a specific subset of insurance companies that do not maintain adequate reserves and surplus in this state to satisfy licensure requirements and are alleged by a policyholder to have defaulted on their obligations under the terms of the policy." Id.

---

[4]The internal page numbers refer to the page numbers at the bottom of the brief, not the page numbers assigned by CM/ECF.

See note 8 infra.

[5]Consistent with the language of the statute, and defendant's failure to comply therewith, plaintiff filed the pending Motion to Strike Excalibur Reinsurance Corporation's Answer. (Dkt. #26).

Thus, "[u]nder Connecticut law, before an 'unauthorized insurer' can file a pleading in a case against it, it must either post a pre-pleading security, procure the proper authorization to do business in Connecticut, or seek an order from the court dispensing with the pre-pleading security requirement." Arrowood Surplus Lines Ins. Co. v. Gettysburg Nat'l Indem. Co., No. 3:09 CV 972 (JCH), 2010 WL 1416747, at *1 (D. Conn. Apr. 6, 2010)(suit on a policy of reinsurance), approved over objection, 2010 WL 1882314 (D. Conn. May 10, 2010).[6]

There are two issues before the Court, the first of which is to determine whether the Connecticut pre-pleading security statute, CONN. GEN. STAT. § 38a-27(a), applies in this case. If the statute applies, the second issue is to determine the amount of pre-pleading security to be posted pursuant to this statute.

### B. APPLICABILITY OF THE STATUTE TO PARTIES IN THIS CASE

#### 1. APPLICABILITY TO REINSURERS

It is well settled that the terms of the statute apply not only to insurers, but also "to reinsurers such as Excalibur." Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:11 CV 1209(CSH), 2014 WL 941444, at *3 (D. Conn. Mar. 11, 2014)["Excalibur I"]; citing Arrowood Surplus Lines, 2010 WL 1416747, at *1 (suit on a policy of reinsurance). See also Travelers Indem. Co. v. Excalibur Reins. Corp., 12 CV 1793 (RNC)(DFM), 2014 WL 1032838, at *1 (D. Conn. Mar. 17, 2014) ["Excalibur II"]; Hartford Accident & Indem. Co. v. ACE Am. Reins. Co., 103 Conn. App. 319, 327, n.6 (2007)(same)["ACE Am."]; Sec. Ins. Co. of Hartford v. Universal Reins. Co. Ltd., No: 06 CV 158 (WWE), 2007 WL 214606, at *2 (D. Conn. Jan. 26, 2007)(same).

---

[6]"Unauthorized insurer" is defined as an "insurer that has not been granted a certificate of authority by the commissioner to transact the business of insurance in this state or an insurer transacting business not authorized by a valid certificate." CONN. GEN. STAT. § 38a-1(11)(E).

## 2. SELECT'S CITIZENSHIP STATUS

Next, defendant contends that plaintiff is not entitled to invoke the security statute because it is "neither a citizen of Connecticut[,] nor an authorized insurer in Connecticut[.]" (Dkt. #33, at 9-14).  However, a "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1). The U.S. Supreme Court has held that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010)(multiple citations omitted).[7]

The foregoing notwithstanding, CONN. GEN. STAT. § 38-27(a) is directed to the "unauthorized . . . insurer[,]" the purpose of which is to "ensure that any insurer, domestic or foreign, selling insurance or reinsurance to a person in this state will have sufficient assets in this state to satisfy any judgment."  Hartford Acc., 2008 WL 4635451, at *2.  There is nothing in the statute regarding the citizenship of the party initiating the action.

## 3. QUESTION OF WHETHER SELECT WAS AUTHORIZED TO ISSUE THE POLICY UNDER WHICH IT SETTLED THE CLAIMS GIVING RISE TO THE DISPUTE

Defendant contends that the pre-pleading statute does not apply to defendant

---

[7]"Select is a Texas Corporation and is now a wholly-owned subsidiary of Travelers Indemnity Company ["Travelers"]. . . . [It] appears [that Select is] . . . a dormant shell company that maintains no employees or officers of its own apart from Travelers, its corporate parent."  (Goldstein Decl. ¶ 6). Additionally, defendant acknowledges that "the management and day-to-day operations of Select are apparently conducted by and through officers and employees of Travelers and Select has no corporate offices separate from those of Travelers in Hartford."  (Id.; see Goldstein Decl., Exh. 1 (Best's Insurance Reports Property/Casualty reflecting address for Select as One Tower Square, Hartford, Connecticut)).

because defendant was "not an authorized reinsurer nor an accredited reinsurer in Connecticut[]" at the time the reinsurance policy was issued. (Dkt. #33, at 10; see Goldstein Decl. ¶ 9). This is an issue, as defendant acknowledges, "which underpins the basis of [Select's] claims" against defendant. (Dkt. #33, at 10).     As Senior U.S. District Judge Charles S. Haight, Jr. made clear in Excalibur I, "the Connecticut prejudgment remedy statutes are procedural, not substantive. . . [,]" 2014 WL 941444, at *8, and in the "words of Judge Everleigh in Hartford [Acc.][,] pre-pleading security proceedings are not designed 'to resolve the dispute on the merits or predict the outcome of the case,' but merely 'to guarantee at the outset of a case, before litigation begins, that the unlicensed insurer has funds that are accessible in the event that the plaintiff prevails at trial.'" Id., quoting Hartford Acc., 2008 WL 4635451, at *3.   Defendant's argument that it was "not an authorized reinsurer nor an accredited reinsurer in Connecticut[]" at the time the reinsurance policy was issued (Dkt. #33, at 10), goes to the merits of plaintiff's claims and to defendant's defenses, and thus is not a contention to be addressed under the pre-pleading security statute.   Just as Judge Haight concluded, this Court reiterates that the pre-pleading security statute "is [the] stuff of procedure, not of substance." Excalibur I, 2014 WL 941444, at *8.

## C. APPLICABILITY OF CHOICE OF LAW PROVISION

This is not the first case in this District[8] in which defendant has asserted that pre-

---

[8]The Court notes the long litigation history between these parties: Excalibur I; Travelers Cas. & Sur. Co. v. Excalibur Reins. Corp., No. 3:12 CV 1701 (SRU)(voluntary dismissal); Excalibur II; Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:13 CV 293 (AWT)(settled); Travelers Cas. & Sur. Co. v. Excalibur Reins. Corp., No. 3:13 CV 752(AWT)(voluntary dismissal); Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:13 CV 1183 (WWE)(voluntary dismissal); Travelers Cas. & Sur. Co. v. Excalibur Reins. Corp., No. 3:13 CV 1775 (SRU)(voluntary dismissal); Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:13 CV 1837(JBA)(voluntary dismissal); Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:13 CV 1838 (JCH)(voluntary dismissal); Travelers Cas. & Sur. Co. v. Excalibur Reins. Corp., No. 3:14 CV 471 (CSH)(voluntary dismissal); Travelers Cas. & Sur. Co. v. Excalibur Reins. Corp., No. 3:14 CV 1504 (JBA)(voluntary dismissal).

pleading security is an issue of substantive law, Rule 64 of the Federal Rules of Civil Procedure does not incorporate substantive law, and the parties selected New York law in their contractual choice of law provision, and thus New York's pre-pleading statute,[9] rather than Connecticut's, should apply.[10]   (Dkt. #33, at 14-27); see Excalibur II, 2014 WL 1032838, at *1; Excalibur I, 2014 WL 941444, at *4.   In Excalibur I, Judge Haight explained: "Rule 64 speaks in the broadest possible terms: it makes available to a party 'every remedy' available under forum state law 'to secure satisfaction of [a] potential judgment.' FED. R. CIV. P. 64(a).  The Connecticut Legislature enacted one of several such remedies in the pre-pleading security statute."   2014 WL 941444, at *4.   After discussing case law from this District addressing the intersection of Rule 64 and Connecticut's pre-pleading statute, see id. at *5-6, Judge Haight held as follows:

> Connecticut's pre-pleading security statute clearly falls within the ambit of . . . Rule [64].  Rule 64 is short, terse, and to the point.  Its text neither mandates nor precludes consideration of state choice-of-law rules when a federal district judge is asked, pursuant to Rule 64, to apply a "law of the state" remedy such as the one at bar. Under the explicit wording of the Rule, a question of applicability arises only if a federal statute precludes or limits state remedies.  Rule 64(a) thus concludes with the cautionary note: "But a federal statute governs to the extent it applies."   In the case at bar, the Court is unaware of any federal statute that would limit the application of Connecticut's pre-pleading security statute, and the parties do not cite any.

Id. at *6.  Thus, consistent with the holdings in Excalibur I, id., and in Excalibur II, 2014 WL 1032838, at *1, this Magistrate Judge holds that CONN. GEN. STAT. § 38-27(a) is a

---

[9]If New York's pre-pleading statute governs, defendant is not required to post security. See N.Y. INS. LAW § 1213.

[10]As discussed further below, not only does defendant assert the same arguments, verbatim, as were rejected in Excalibur I and Excalibur II, defendant now claims that "Judge Haight's ruling [was] erroneous." (Dkt. #33, at 14, n.7; id. at 16, n.8 ("Judge Martinez's ruling relied nearly exclusively on Judge Haight's ruling."); see Dkt. #36, at 4-7).

procedural remedy that applies in federal court pursuant to Rule 64(a).[11]

Defendant argues that Judge Haight's conclusion in Excalibur I that Section 38a-27(a) is a procedural remedy and choice-of-law rules do not apply, was erroneous in that he overlooked U.S. District Judge Stefan R. Underhill's decision in Wachovia Bank, NA v. Cummings, No. 3:09 CV 957 (SRU), 2010 WL 466160 (D. Conn. Feb. 8, 2010) and overlooked the Advisory Committee notes to Rule 64. (Dkt. #33, at 21-24). However, Judge Haight did neither. Rather, in his thorough decision, Judge Haight addressed, head on, the choice-of-law issues as they arose in the context of Rule 64 in Sprague Energy Corp. v. Levco Tech. Inc., No. 3:09 CV 29 (DJS)(DFM), 2009 WL 1374593 (D. Conn. May 11, 2009), and as they arose under the Erie doctrine in Wachovia. Judge Haight found that "[w]hile both Judge Underhill in Wachovia and Judge Martinez in Sprague held that a Connecticut prejudgment remedy applied to a diversity case," Judge Martinez "applied the Connecticut statute because she reasoned that Rule 64 required her to do so[,]" Excalibur I, 2014 WL 941444, at *8, citing Sprague, 2009 WL 1374593, at *7, whereas Judge Underhill, applying the Erie doctrine, concluded that "'under Connecticut law, a PJR is a procedural mechanism,' so that 'a Connecticut court applying Connecticut choice-of-law rules would apply the Connecticut prejudgment remedy in this case.'" Excalibur I, 2014 WL 941444, at *7, quoting Wachovia, 2010 WL 466160, at *5, 7. Judge Haight continued: "The careful reader will have noted that the courts reached the same conclusion with respect to the applicability of the Connecticut pre-pleading security statute to the case in question . . . . . Since the result is the same, I need not choose between these two approaches, choosing

---

[11]Despite the explicit holdings in Excalibur I and Excalibur II, defendant argues, as discussed above, that Connecticut's pre-pleading statute is substantive and not procedural, and asserts that Judge Haight's decision is "erroneous." (Dkt. #33, at 16)(footnote omitted).

one and rejecting the other." <u>Excalibur I</u>, 2014 WL 941444, at *8.

D. OTHER CONTENTIONS PREVIOUSLY REJECTED

1. APPLICABILITY OF THE ORDER OF THE PENNSYLVANIA INSURANCE COMMISSIONER

Defendant asserts, just as it did in <u>Excalibur I</u>, 2014 WL 941444, at *10, and <u>Excalibur II</u>, 2014 WL 1032838, at *2, that the Pennsylvania Insurance Commissioner regulates the requests for defendant to post pre-pleading security (Dkt. #33, at 26 & Alosio Decl., Exh. 4, ¶ 19), and that defendant would be precluded from complying with any award ordering the posting of security because of the Insurance Department's Order of Supervision. (Dkt. #33, at 27). However, in addition to the regulation of requests section upon which defendant relies,[12] the governing Order of Supervision provides that defendant "shall not establish security deposits with any other jurisdiction without the Commissioner's prior written approval except to the extent required by law." (Alosio Decl., Exh. 4, ¶ 15). Judge Haight and Judge Martinez both held that "the Commissioner lacks the authority to preempt the Connecticut statute and, '[b]y its plain terms, the order permits Excalibur to make such security deposits 'to the extent required by law' in other jurisdictions.'" <u>Excalibur II</u>, 2014 WL 1032838, at *2, <u>quoting Excalibur I</u>, 2014 WL 941444, at *10. Accordingly, in Judge Haight's words, "[t]here is no substance to this contention." <u>Excalibur I</u>, 2014 WL

_____

[12]Paragraph 19 reads:

Excalibur shall not make any disbursements, payments or transfers of assets, except as otherwise provided herein, outside the normal and ordinary course of business, and shall not post any . . . other security in connection with any reinsurance agreement, statute, regulation or order, or arising out of or in connection with any . . . litigation in connection with any reinsurance agreement, without the Department's prior written approval . . . .

(Alosio Decl., Exh. 4, ¶ 19).

941444, at *10.

### 2. EXCALIBUR'S STATUS AS LICENSED IN CONNECTICUT AT THE TIME IT ENTERED INTO THE REINSURANCE CONTRACT IN 2001 & THE REINSURANCE CONTRACT WAS WRITTEN AND DELIVERED OUTSIDE OF CONNECTICUT

In its brief in opposition, defendant asserts, as it has in the past, that, consistent with the statutory framework of Section 38a-25, defendant is not required to post security because it was authorized in Connecticut at the time it entered into the reinsurance contract, and the reinsurance contract was issued or delivered by defendant to plaintiff in Connecticut while it was unauthorized. (Dkt. #33, at 24-26). Once again, defendant is recycling arguments that have been rejected in Excalibur I, 2014 WL 941444, at *3, and in Excalibur II, 2014 WL 1032838 at *1 & nn.4-5. As Judge Haight held: "It would be contrary to the intent of the law and public policy to allow unauthorized insurers to claim that they are not subject to pre-pleading security obligations, because at some point prior to litigation they were authorized in Connecticut[,]" Excalibur I, 2014 WL 941444, at *3, and nothing in "the language of the statute or the cases construing it suggest that the insurance contract in suit must have been 'issued and delivered' in Connecticut in order to subject an unauthorized insurer to the requirements" of Section 38a-27(a). Id.

For the reasons set forth in Sections I.B-D. supra, the Connecticut pre-pleading security statute applies in this case.

### E. REQUIREMENT OF A HEARING

While the language of CONN. GEN. STAT. § 38a-27 does not expressly provide for a hearing before a court determines the amount of security posted, "[t]o avoid the constitutional jeopardy that would attach to § 38a-27 if it were read literally, the statute must

10

be interpreted to afford . . . defendants the hearing to which they are constitutionally entitled." ACE Am., 103 Conn. App. at 337 (citation omitted); see British Int'l Ins. Co. Ltd. v. Seguros La Republica, S.A., 212 F.3d 138, 143 (2d Cir.)(per curiam)(holding that constitutionality of New York's analogous pre-pleading statute is preserved with the existence of procedural safeguards, including the opportunity to be heard, and the existence of court supervision), cert. denied, 531 U.S. 1010 (2000).  "A pre-pleading security hearing need only establish that the defendant owes a sum of money under a set of contracts, and this showing is 'uncomplicated' and lends itself to 'documentary proof' from the plaintiff alone." Hartford Acc., 2008 WL 4635451, at *3, quoting British Int'l Ins. Co., 212 F.2d at 144, n.3; see Arrowood Surplus Lines, 2010 WL 1416747, at *1-2 (hearing held, at which no witnesses were presented, proof was offered of the existence of the contracts and the amount sought for pre-pleading security based on those contracts).  "The due process requirements are met by the submission of some proof that contracts existed, billings were made under the auspices of those contracts, and the bills remain unpaid." Hartford Acc., 2008 WL 4635451, at *3.  Additionally, defendant may be afforded the "ability to cross-examine the presented witness[, if any,] and offer proof, either that the bills were paid or that the amounts were incorrect." Id.  Accordingly, counsel shall contact this Magistrate Judge's Chambers forthwith to schedule a telephone conference during which a hearing date will be set.[13]

## F. MOTION TO STRIKE

In light of the conclusion reached above, defendant was obligated to provide pre-

---

[13]Again, this "uncomplicated" hearing will be limited in nature – plaintiff need only establish, relying upon "documentary proof[,]" that defendant owes a sum of money under a set of contracts. Hartford Acc., 2008 WL 4635451, at *3; see also Arrowood Surplus Lines, 2010 WL 1416747, at *1-2.

pleading security before it "file[d] or cause[d] to be filed any pleading in any court action or proceeding" instituted against it. CONN. GEN. STAT. § 38-27(a). The "consequences of Excalibur's failure or refusal to post security under the statute, should that occur, are simple enough: the Court would strike Excalibur's answer and enter judgment in favor [of plaintiff]." Excalibur I, 2014 WL 941444, at *10. A hearing will be held as ordered in this Ruling, after which defendant will be ordered to post pre-pleading security within seven days of this Court's order reflecting the amount of pre-pleading security to be posted. See Arrowood Surplus Lines, 2010 WL 1416747, at *2. Accordingly, plaintiff's Motion to Strike (Dkt. #26) is denied without prejudice to renew at a future time, if appropriate.

## II. CONCLUSION

For the reasons stated above, plaintiff's Motion for Pre-Pleading Security (Dkt. #11) is granted such that a hearing date to determine the amount of pre-pleading security will be set,[14] and plaintiff's Motion to Strike (Dkt. #26) is denied without prejudice to renew at a future time, if appropriate.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

---

[14]A motion for pre-pleading security is non-dispositive for the purposes of FED. R. CIV. P. 72. Excalibur II, 2014 WL 1032838, at *1, n.1, citing Arrowood Surplus Lines, 2010 WL 1882314, at *1.

Dated at New Haven, Connecticut, this 10th day of March 2016.


_/s/ Joan G. Margolis, USMJ_____
Joan Glazer Margolis
United States Magistrate Judge