IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                    :
SELECT INSURANCE CO.                   :         15 CV 715 (JAM)
                                                    :
v.                                                          :
                                                        :
EXCALIBUR REINSURANCE CORP.     :
                                                        :         DATE: MAY 10, 2016
---------------------------------------------------------x

RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

On May 12, 2015, plaintiff Select Insurance Co. commenced this diversity action against defendant Excalibur Reinsurance Corporation for breach of a reinsurance contract. (Dkt. #1). Fourteen days later, plaintiff filed a Motion for Pre-Pleading Security (Dkts. ##11-13; see also Dkts. ##14, 31-33, 36), and extensive motion practice followed, familiarity with which is presumed. (Dkts. ##25-26, 35, 41). On January 12, 2016, U.S. District Judge Jeffrey A. Meyer referred the Motion for Pre-Pleading Security, and a Motion to Strike Answer to this Magistrate Judge. (Dkt. #45). On March 10, 2016, this Magistrate Judge issued a Ruling on Plaintiff's Motion for Pre-Pleading Security and on Plaintiff's Motion to Strike, granting the Motion for Pre-Pleading Security, such that a hearing date would be set to determine the amount of such security, and denying the Motion to Strike, without prejudice to renew at a future time, if appropriate. (Dkt. #46 ["March 2016 Ruling"]).

In accordance with the March 2016 Ruling, a telephonic scheduling conference was held before this Magistrate Judge on March 23, 2016 (Dkt. #48; see Dkt. #47), during which the parties agreed to April 6, 2016 as the date for the evidentiary hearing at which the amount of pre-pleading security would be determined. (See Dkt. #49). The very next day, defendant Excalibur filed the pending Motion for Reconsideration, with affidavit and brief in support (Dkts. ##50-52), as well an Objection to the March 2016 Ruling, which is pending

before Judge Meyer. (Dkt. #53; see also Dkts. ##57, 59). On April 14, 2016, plaintiff filed its brief in opposition to defendant's Motion for Reconsideration (Dkt. #56),[1] and on April 28, 2016, defendant filed its reply brief. (Dkt. #58).

In light of the pending Motion for Reconsideration and Objection, on March 31, 2016, this Magistrate Judge postponed the evidentiary hearing to a date to be determined in the future. (Dkt. #55).

For the reasons stated below, defendant's Motion for Reconsideration (Dkt. #50) is granted in limited part to clarify the Court's analysis of the relevancy of plaintiff's citizenship, and denied in large part with this Court adhering to its previous decision.

I. DISCUSSION

In the current motion, defendant contends that the March 2016 Ruling is erroneous and contrary to law because the Court erred in concluding that Select is a citizen of Connecticut entitled to invoke the Connecticut Pre-Pleading Security Statute, CONN. GEN. STAT. § 38a-27(a), when in fact, under Connecticut law, it is clear that Select is a "foreign" corporation. (Dkt. #52, at 2-3, 4-12). Defendant also contends that the Court erred in concluding that the statute applies even though Select is a foreign corporation, not licensed to write insurance in Connecticut. (Id.).[2]

In response, plaintiff asserts that this motion for reconsideration is yet another delay

---

[1] Attached to plaintiff's brief in opposition is a copy of the Order entered on July 7, 2015 in the action then-pending in the Eastern District of Pennsylvania (Exh. A).

[2] Additionally, defendant also asserts that this Court's reliance on Judge Haight's decision in Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:11 CV 1209 (CSH), 2014 WL 941444 (D. Conn. Mar. 11, 2014)["Excalibur I"] was erroneous because Judge Haight's decision itself was erroneous. (Id. at 3; see Dkt. #53). The Court need not address this argument in light of defendant's simultaneously filed Objection to the March 2016 Ruling. (Dkt. #53).

2

tactic by defendant[3] (Dkt. #56, at 1-5); the motion is procedurally unsound (id. at 5-6); under the Security Statute, plaintiff's citizenship is irrelevant and immaterial (id. at 6-10); under the Security Statute, the state in which the underlying contracts were issued is irrelevant and immaterial (id. at 10); New York law is not properly raised on reconsideration (id. at 10-14); and a hearing on the amount of security to be posted should be scheduled promptly. (Id. at 14-15).

A. STANDARD FOR RECONSIDERATION

A party moving for reconsideration of a Court's ruling must set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. CONN. L. CIV. R. 7(c)1. "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new

---

[3]Plaintiff also appropriately notes, as this Court did in the underlying Ruling, that in the past five years, plaintiff has sued defendant "at least thirteen times in this district because Excalibur has, without explanation or legitimate excuse, refused to pay reinsurance billings." (Dkt. #56, at 1-2 (emphasis in original)(citations omitted); see March 2016 Ruling at 6, n.6). Moreover, plaintiff points out that this Court "recently found Exacalibur's delaying tactics to have been employed in bad faith[,]" for which Excalibur was sanctioned. (Dkt. #56, at 2-3; see also Travelers Indem. Co. v. Excalibur Reins. Corp., No. 3:13 CV 293 (AWT)).

Additionally, in this case, after Excalibur was notified that Select would commence an action in this Court, Excalibur filed a preemptive action in the Eastern District of Pennsylvania, which Select moved to dismiss. (Dkt. #56, at 3, citing Excalibur Reins. Corp. v. Select Ins. Co., No. 15 CV 2522(JS) (E.D. Pa.); see id., Exh. A). The Eastern District of Pennsylvania granted the motion to dismiss and held that Excalibur filed the Pennsylvania action "in bad faith." (Id., Exh. A, at 2, n.1).

In this action, Judge Meyer also noted Excalibur's delay tactics in his endorsement order denying Excalibur's motion for extension of time to respond to Select's complaint:

> Moreover, it now being apparent that defendant has had time the time to devote
> to file an action concerning the same matter in the Eastern District of Pennsylvania
> and also to seek there to enjoin this action, I am skeptical that professional and
> personal commitments actually exist that prevent defendant's counsel from
> meeting his scheduling obligations in this Court.

(June 3, 2015 Order (Dkt. #22)).

evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.), quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 (additional citation omitted), cert. denied, 506 U.S. 820 (1992).  As the Second Circuit has explained, the standard is "strict," and reconsideration should only be granted if "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)(citations omitted).  Accordingly, if the moving party "seeks solely to relitigate an issue already decided[,]" the motion for reconsideration should denied, and the court should adhere to its prior decision. Id.

B. SELECT'S CITIZENSHIP

As this Court held in the March 2016 Ruling, Section 38a-27(a)

> . . . is directed to the "unauthorized . . . insurer[,]" the purpose of which is to "ensure that any insurer, domestic or foreign, selling insurance or reinsurance to a person in this state will have sufficient assets in this state to satisfy any judgment." Hartford Acc.[ & Indem. Co. v. ACE Am. Reins. Co., Nos. X02 CV 030178122S, X02 CV 030179514S,] 2008 WL 4635451, at *2 [(Conn. Super. Ct. Sept. 19, 2008)["Hartford Acc."]].  There is nothing in the statute regarding the citizenship of the party initiating the action.

(At 5).  Defendant does not cite to the Security Statute,[4] nor could it as the statute is silent regarding the citizenship of the party initiating the action.  As explained in the March 2016

---

[4]Connecticut's pre-pleading security statute, CONN. GEN. STAT. § 38a-27(a), provides:

> Before any unauthorized person or insurer files or causes to be filed any pleading in any court action or proceeding . . . instituted against the person or insurer . . . the person or insurer shall either (1) Deposit with the clerk of the court in which the action or proceeding is pending . . . cash or securities . . . in an amount to be fixed by the court . . . sufficient to secure the payment of any final judgment which may be rendered in the action or proceeding . . . ; or (2) procure proper authorization to do an insurance business in this state.

Ruling, the pre-pleading requirement in the Security Statute "'target[s] a specific subset of insurance companies that do not maintain adequate reserves and surplus in this state to satisfy licensure requirements and are alleged by a policyholder to have defaulted on their obligations under the terms of the policy.'" (At 3, quoting Hartford Acc., 2008 WL 4635451, at *2).  The statute's requirements are directed, not to the party initiating the action, but toward the party against whom the action is brought.[5]

In the present motion, defendant, having not succeeded in opposing plaintiff's underlying motion for pre-pleading security, now argues for the first time that "Connecticut law determines if and when a corporation is entitled to invoke the Security Statute[,]" (Dkt. #52, at 5-6; see also Dkt. #58, at 3 (acknowledging that defendant did not cite case law concerning Connecticut's view of corporate citizenship)), and further that this Court erred in not addressing such argument that defendant did not make.  The Court will not entertain this argument at this procedural posture as "'[a] motion for reconsideration cannot be employed as a vehicle for asserting new arguments . . . that could have been adduced during the pendency' of the underlying motion." Palmer v. Sena, 474 F. Supp. 2d 353, 355 (D. Conn. 2007), quoting Seaboard Stamford Investor Assoc. v. Thinkdirectmarketing, Inc., No. 03 CV 1110 (PCD), 2004 U.S. Dist. LEXIS 1688, at *2-3 (D. Conn. 2004); see also Gomez v. Metro. Dist., No. 11 CV 1934 (JBA), 2014 WL 2765987, at *1, n.2 (D. Conn. Jun. 18, 2014)(citing Palmer).

Additionally, defendant erroneously contends (Dkt. #52, at 9-10) that the Court "failed to give any consideration" to the language from Hartford Acc., which was quoted in

---

[5]Thus, upon reconsideration, rather than relying on Hertz Corp v. Friend, 559 U.S. 77, 80 (2010)(March 2016 Ruling at 5), this Court's analysis of Select's citizenship is limited to the foregoing discussion, and to this Court's conclusion in the March 2016 Ruling, and again in this Ruling, that Select's citizenship is irrelevant for the purposes of the Security Statute.

5

Arrowood Surplus Lines Ins. Co. v. Gettysburg Nat'l Indem. Co., No. 09 CV 972(JCH), 2010 WL 1416747, at *1 (D. Conn. Apr. 6, 2010), approved over objection, 2010 WL 1882314 (D. Conn. May 10, 2010), and which was quoted in the March 2016 Ruling, as cited above. (March 2016 Ruling at 5 ("selling insurance or reinsurance to a person in this state")(emphasis added)).  Contrary to defendant's argument (Dkt. #58, at 6-7)(emphasis in original) that Hartford Acc. and Arrowood "explicitly analyz[ed] the meaning and the intent and purpose of the statute[]" when "holding" that the Security Statute "is intended to ensure that any insurer, domestic or foreign, selling insurance or reinsurance to a person in [this state] will have sufficient assets in this state to satisfy any judgment[,]" the language to which defendant points is dicta.  Black's Law Dictionary defines dicta as "[o]pinions of a judge which do not embody the resolution or determination of the specific case before the court.  Expressions in the court's opinion which go beyond the facts before the court and therefore are individual views of the author of the opinion and not binding in subsequent cases as legal precedent."  Black's Law Dictionary (6th Ed. 1990).[6]  The citizenship and location of the moving parties in Hartford Acc. and Arrowood was not at issue, and as plaintiff observes, neither Hartford Acc. nor Arrowood holds that an exception exists in the statute depending on the identity, citizenship, location, status or organization of the party

---

[6]Moreover, although defendant urges this Court to rely on this language in support of its argument that Select is not a "person in the [s]tate[,]" in its reply brief, defendant urges this Court to reject plaintiff's response to defendant's assertion, which defendant inexplicably characterizes as "wholly new and rather belated argument . . . that [plaintiff] is entitled to invoke the statute because it need not be a citizen but rather only need be a 'person in the state.'" (Dkt. #58, at 3).

It appears that defendant wants the Court to interpret the term "person in the state" in defendant's favor when defendant advances the argument, but does not want the Court to interpret the term "person in the state[,]" when plaintiff posits such an argument.

initiating the action.[7]  (See Dkt. #56, at 8).[8]  In fact, the "meaning[, . . .] intent[,] and purpose of the statute" as it applies to the moving party was not discussed in those cases, other than in the limited reference cited above (Dkt. #58, at 6-7), nor in any Connecticut case law interpreting Connecticut's Security Statute.  Accordingly, the Court did not err in this regard.

Additionally, the Court did not "overlook[] the numerous cases [defendant] cited interpreting the nearly identical New York security statute which hold that the statute only applies to citizens of the state or corporations licensed in the state."[9] (Dkt. #52, at 11; see id. at 10-12).  In its underlying brief in opposition, defendant cited four cases interpreting the New York statute, each of which is distinguishable from this case.  (Dkt. #33, at 10-11, citing Dukes Bridge LLC v. Sec. Life of Denver Ins. Co., No. 10 cv 5491(ILG)(RMI), 2011 WL 2971392 (E.D.N.Y. July 20, 2011)(holding that "a far-removed successor interest and non-New York resident" cannot invoke the protections of § 1213(c)(1)); Morgan v. Am. Risk Mmgt, No. 89 Civ. 2999(JSM)(KAR), 1990 WL 106837, at *6-7 (S.D.N.Y. July 20, 1990)(rejecting defendant's argument that the "nonresident plaintiff [ ] is not entitled to

---

[7]Additionally, as stated in the March 2016 Ruling, it is undisputed that Select is "in this state" because its principal place of business is in Connecticut. (At 5, n.7, citing Dkt. #32, Goldstein Decl. ¶ 6).

[8]Defendant also reiterates its argument that Select is not an authorized reinsurer nor accredited reinsurer within Connecticut. (Dkt. #52, at 10).  Defendant's repeated assertion lacks grounds for reconsideration, and as this Court held in the March 2016 Ruling, whether or not Select was authorized to issue the underlying policy, and whether the underlying policy "could not have been issued by Select in Connecticut because it would have been illegal[,]" (id. at 11), goes to the merits of this case.

[9]Compare N.Y. Ins. Law § 1213 with Conn. Gen. Stat. § 38-27(a); see also Hartford Acc. and Indem. Co. v. Ace Am. Reins. Co., 103 Conn. App. 319, 336 (Conn. App. Ct. 2007)(when analyzing due process rights with respect to § 38a-27, observing that New York's prepleading security statute is analogous to § 38a-27)(footnote omitted).

invoke the bonding requirement of § 1213(c)(1)[]" in light of plaintiff's status as authorized to do business in New York at the time the action was commenced); Quanta Specialty Lines Ins. Co. v. Investors Capital Corp., No. 06 Civ. 4624(PKL), 2008 WL 2545057 (S.D.N.Y. Jun. 24, 2008)(neither movant's state of incorporation nor principal place of business is New York, thus, motion to compel pre-answer security was denied); Allstate Ins. Co. v. Administratia Asigurarilor De Stat, 875 F. Supp. 1022, 1026 & n.4 (S.D.N.Y. 1995)(explaining that the purpose clause of § 1213 concerns residents of the state who hold policies, thus, "it is clear that section 1213 is . . . not intended to protect non-residents[]")).  In the March 2016 Ruling, this Court held that the language of the Connecticut Security Statute does not address the citizenship of the moving party, nor is there Connecticut case law to the contrary; the Court relied on controlling law in this district in interpreting Connecticut's Security Statute (March 2016 Ruling at 10, citing Excalibur I, 2014 WL 941444, at *3, Travelers Indemn. Co. v. Excalibur Reins. Corp., No. 12 CV 1793 (RNC)(DFM), 2014 WL 1032838, at *1 & nn. 4-5 (D. Conn. Mar. 17, 2014)), and the wording of the Security Statute itself. There is no basis for reconsideration of the March 2016 Ruling on these issues.

## II. CONCLUSION

For the reasons stated above, defendant's Motion for Reconsideration (Dkt. #50) is granted in limited part to clarify the Court's analysis of the relevancy of plaintiff's citizenship, and denied in large part with this Court adhering to its previous decision.

A hearing date to determine the amount of pre-pleading security will be set upon the issuance of a ruling on defendant's Objection, pending before Judge Meyer.

Dated at New Haven, Connecticut, this 10th day of May 2016.


    /s/ Joan G. Margolis, USMJ_____
Joan Glazer Margolis
United States Magistrate Judge